IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Tino Devont Hayes,
    Petitioner,

v.     1:12cv1126 (AJT/IDD)

Henry Ponton,
    Respondent.

MEMORANDUM OPINION

Tino Devont Hayes, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of second degree murder and related firearms offenses in the Circuit Court of the City of Richmond. On January 17, 2013, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Hayes was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he filed a reply. For the following reasons, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

**I. Background**

On December 8, 2008, Hayes was convicted following a jury trial of second degree murder and two corresponding counts of using a firearm in the commission of murder and robbery. He was sentenced to an aggregate term of fifty-four (54) years and six (6) months in prison, with six (6) months suspended. Case Nos. CR08-F0844 through -0847; Resp. Ex. A. In its opinion affirming the convictions on direct appeal, the Court of Appeals of Virginia

1

recounted the following underlying facts:

> On December 26, 2007, the police were called regarding a reported domestic disturbance at an apartment located on Jenny Scher Road in Richmond. When the officers arrived, they saw Toirjuanna Baskerville inside the apartment banging on the window and yelling for help. Upon entering the apartment, the police found Macon Griffin on the floor of the bedroom. Griffin had been shot three times. A gunshot wound to Griffin's chest was fatal.
>
> Baskerville testified that before Griffin was shot, Ashley Hicks appeared at the apartment and asked to use the restroom. After Hicks visited the restroom, Baskerville went to lock the front door as Hicks was leaving. Two men, one of them armed with a gun, forced their way into the apartment. Baskerville asked Hicks to help, but Hicks did not. One of the men, who was wearing a ski mask to cover his face, took Baskerville at gunpoint to the bedroom, where Griffin was located. The assailant pointed a gun at Griffin and demanded his money. Griffin pulled money our of his pockets. The gunman turned Baskerville toward the closet and said he was going to shoot her. As Baskerville crouched down, she heard the sound of gunshots. Afterward, Baskerville saw that Griffin had been shot. Hicks and the gunman were gone. Baskerville banged on the wall to get help from her neighbors.
>
> * * *
>
> Appellant testified that he was at home all evening on December 26, 2007 with the exception of a brief trip to the store. Appellant claimed Richardson and the others came to his home to sell him marijuana. According to appellant, Richardson borrowed appellant's gun. When Richardson, White, and Hicks came back later, Richardson said they had done a robbery, and he returned applleant's gun. Appellant denied that he was involved in the shooting and robbery of Griffin.

Hayes v. Commonwealth, R. No. 2915-08-2 (Va. Ct. App. July 8, 2009), slip op. at 1 - 3; Resp. Ex. B.

On direct appeal, Hayes challenged the sufficiency of the evidence to sustain his convictions. His petition for appeal was denied on July 8, 2009, id., and his subsequent request

2

for panel consideration was denied on August 18, 2009. Resp. Ex. C. The Supreme Court of Virginia also refused Hayes' petition for a second-tier appeal. Hayes v. Commonwealth, R. No. 091892 (Va. June 17, 2010); Resp. Ex. E.

On June 9, 2011, Hayes filed a petition for a state writ of habeas corpus in the Circuit Court for the City of Richmond, raising claims that (1) the evidence was insufficient to sustain the convictions, and (2) counsel rendered ineffective assistance by failing to call important fact and expert witnesses at trial. Resp. Ex. G. By Final Order November 4, 2011, the circuit court denied and dismissed the petition. Resp. Ex. H. The Supreme Court of Virginia refused Hayes' appeal of that determination, Hayes v. Clarke, R. No. 120255 (Va. July 6, 2012), and subsequently denied his petition for rehearing. Resp. Ex. I-J.

Hayes then turned to the federal forum and timely filed the instant § 2254 petition with a supporting memorandum of law on September 24, 2012.[1] Hayes initially raised the following claims:

1. He received ineffective assistance of counsel when his attorney failed to investigate and present the testimony of witnesses.

2.. He received ineffective assistance of counsel when his attorney failed to call material and expert witnesses.

3. His right to due process was violated because the testimony of prosecution witnesses was incredible and contradictory.

4. The state habeas court erred in declining to reevaluate

---

[1] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers it to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Hayes certified that he placed the petition in the prison mail system on September 24, 2012. Pet. at 15.

the sufficiency of the evidence.

5. The state habeas court erred in holding petitioner accountable for the statements of his attorney.

6. The state habeas court erred in failing to address all claims raised.

As discussed above, respondent filed a Motion to Dismiss and Rule 5 Answer with an supporting memorandum of law and exhibits, and petitioner replied. In his memorandum, respondent argued correctly that claims 4 through 6 as listed above are not cognizable on federal habeas corpus review, as they challenge only a proceeding collateral to petitioner's detention rather than the constitutionality of the underlying convictions themselves. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief."). Thereafter, petitioner filed a Motion for Leave to Amend the Petition, and submitted a proposed amended petition in which he omitted claims 4 through 6 as listed above. Dkt. 20. Under these circumstances, petitioner's Motion for Leave to Amend Petition will be granted, and claims 4 through 6 of the initial petition will be deemed abandoned.[2] Respondent concedes that Hayes has exhausted available state court remedies as to his remaining claims.[3] Accordingly, the matter is

---

[2]As respondent addressed the merits of claims 1 through 3 in his Motion to Dismiss, it is unnecessary to allow him an opportunity to respond to the amended petition.

[3]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan

now ripe for review.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## III. Analysis

In the first two claims of this petition, Hayes argues that he received ineffective assistance

---

v. Henry, 513 U.S. 364 (1995).

5

of counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a

successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In his first two claims, which are interrelated, Hayes charges counsel with providing ineffective assistance by failing to investigate "potentially mitigating" evidence and by failing to call a computer expert and other "fact witnesses" on behalf of the defense. When Hayes made these same allegations in his state habeas corpus application, the circuit court found them to be without merit for the following reasons:

> As to allegation (b), in response to questions from the trial judge at the outset of his trial on May 19, 2008, Hayes said he was prepared for trial and all of his witnesses were present and available to testify. He never mentioned a missing 'computer expert' or other 'fact witnesses.' He should be bound by his sworn acknowledgment. Martin v. Warden, 2 Va. App. 6, 341 S.E.2d 202 (1986) (applying rule of Anderson v. Warden, 222 Va. 511, 526, 281 S.E.2d 885, 888 (1981) to case tried on not guilty plea).
>
> More importantly, this claim fails because Hayes has not made a 'proffer of the testimony [the] witness[es] ... he claims his attorney should have called.' Bassette v. Thompson, 915 F.2d 932, 940 (4th Cir. 1990).
>
> Also obvious is that there is no reasonable probability that, but for this supposed error, the result of the proceeding would be different. Strickland v. Washington, 466 U.S. 668, 687 (1984). In its order on July 8, 2009 denying Hayes's appeal, the Court of Appeals of Virginia noted that
>
>> Ashley Hicks testified that she was with Larick White, who was her boyfriend, [Hayes], and Germaal Richardson on Jenny Scher Road on the date of the incident. The group planned to rob Griffin [murder victim] at his apartment. Following their prearranged plan, Hicks entered the apartment and called White from the bathroom confirming that Griffin was there.

7

> Then [Hayes] and Richardson forced their way into the home. [Hayes] ordered Griffin to empty his pockets. Griffin pulled out money and marijuana and dropped them to the floor. Griffin reached for his gun. [Hayes] then shot Griffin. Hicks, [Hayes], and Richardson fled to the car, where White was waiting. The men later split the money they had taken from Griffin. ... On the morning after the killing, the police executed a search warrant at the residence where [Hayes] stayed. Hidden inside the house the police found a black ski mask and a gun. The gun contained three unfired bullets. Forensic testing proved that bullet fragments found at the Jenny Scher Road apartment had been fired from the gun found at [Hayes's] residence. DNA testimony proved that appellant was a contributor to the genetic material found on the ski mask.

Order, July 8, 2009, p. 2.

Further, according to counsel's affidavit, he obtained cell phone records belonging to Germaal Richardson and a stipulation 'was entered where [Hayes] had made calls to Germaal Richardson from this land line.' Nevertheless, because the evidence at trial so plainly established Hayes's guilt, the jury rejected this alibi evidence. Hayes simply cannot show counsel's performance was deficient, much less that he was prejudiced under Strickland in connection with a failure by counsel to bring in a 'computer expert' to testify in his behalf.

Trial counsel further notes that Hayes also contends counsel was ineffective because Larick White was not called to testify. In an affidavit, counsel points out White was 'cooperating with the Commonwealth' and there was no reason to call White as the defense was 'fairly successful in impeaching the testimony of Ashley Hicks.' The presentation of evidence and the calling of witnesses is a matter of trial strategy. See Abbott v. Peyton, 211 Va. 484, 178 S.E.2d 521 (1971); see also Va. Dept. of Corrections v. Clark, 227 Va. 525, 529, 318 S.E.2d 399, 406 (1984) (holding that counsel has 'tactical responsibility' to determine extent of mitigating evidence to be presented in capital murder case).

The Court thus is of the opinion that the petition for a writ of habeas corpus should be denied and dismissed ....

Hayes v. Clarke, supra, Final Order at 3-6. Because the foregoing order was the last reasoned state court decision on the claims at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

The state courts' rejection of Hayes' related claims of ineffective assistance was not contrary to nor an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. Cf. 28 U.S.C. § 2254(d). It is well established in federal jurisprudence that "'strategic choices made [by counsel] after thorough investigation ... are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. Decisions concerning the calling of witnesses are matters of strategy left to the attorney, which ordinarily cannot constitute ineffective assistance. Jones v. Barnes, 463 U.S. 745, 808 (1983). Moreover, federal courts hold that a claim of ineffective assistance predicated on a failure to call witnesses fails where affidavits verifying the witnesses' testimony are not provided. See Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir.), cert. denied, 499 U.S. 982 (1991) (in the absence of particulars as to what an adequate investigation would have revealed or a proffer of what absent witnesses would have said, a claim of ineffective assistance based on general assertions that additional witnesses should have been called will not lie). Here, counsel made a strategic decision not to call Larick White as a witness, and Hayes offered no affidavits to demonstrate what favorable evidence or testimony the allegedly missing expert and fact witnesses would have been produced at his trial.

The Virginia courts' denial of relief on Hayes' claims that counsel was ineffective for failing to present such evidence and testimony thus was both factually reasonable and in accord with controlling federal authorities. Therefore, the same result must be reached here. Williams, 529 U.S. at 412 - 13.

In his third claim, Hayes argues that his right to due process was violated because the testimony of prosecution witnesses was incredible and contradictory. Read liberally, as is appropriate due to petitioner's status as a pro se litigant, it appears that this claim is intended to call into question the sufficiency of the evidence to sustain the convictions. When petitioner made the same argument on direct appeal, the Court of Appeals of Virginia rejected it for the following reasons:

> Appellant contends the Commonwealth's evidence was unworthy of belief. However, the jury accepted the Commonwealth's evidence and rejected appellant's evidence. 'The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.' Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). 'In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.' Marable v. Commonwealth, 27 Va.App. 505, 509-10, 500 S.E.2d 233, 235 (1998).
>
> The Commonwealth's evidence proved appellant, Richardson, Hicks, and White executed their plan to enter the apartment and rob Griffin. Appellant was wearing a ski mask during the incident. After obtaining Griffin's money, appellant shot him. A ski mask with appellant's DNA was found in his residence the next morning. Moreover, the murder weapon also was found in appellant's residence. These facts and circumstances were sufficient to prove beyond a reasonable doubt that appellant was guilty of second-degree murder, robbery, and two counts of using a firearm in the commission of a felony.

Hayes v. Commonwealth, supra, slip op. at 3. As discussed above, the Supreme Court of Virginia subsequently refused Hayes' petition for further review of this determination. Resp. Ex. E.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Here, for the reasons expressed in the Court of Appeals' opinion, it is apparent that a rational trier of fact could have found Hayes guilty beyond a reasonable doubt of the second degree murder and firearms offenses with which he was charged. See Jackson, 443 U.S. at 319. Therefore, claim three of this petition warrants no federal relief.

## IV. Conclusion

For the foregoing reasons, petitioner's Motion to Amend Petition will be granted, and claims 4 through 6 of the initial petition will be deemed abandoned. Respondent's Motion to

Dismiss will be granted, and this petition for a writ of habeas corpus will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 11th day of July 2013.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge